UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 7:12-298-TMC |
| | ) | |
| vs. | ) | |
| | ) | **SENTENCING MEMORANDUM** |
| MELANIE DENISE SPARKS | ) | |

Mrs. Sparks is scheduled to be sentenced on January 15, 2013. She pled guilty to embezzlement on August 21, 2012. Her applicable guideline range in the presentence report is 10-16 months, Zone C of the Sentencing Table. We are asking the Court to consider sentencing Mrs. Sparks to a term of probation that includes home confinement rather than imprisonment.

Melanie Sparks has accepted responsibility for her actions in her case. She is sorry for what she has done and accepts that she will have to suffer the consequences of her actions.[1] However, Counsel feels she would be remiss not to inform the Court of the environment at the Cherokee County Clerk of Court's Office that allowed this conduct to continue undetected. An environment which lacked very basic checks and balances.

The South Carolina Department of Social Services conducted an Audit of the Cherokee County Clerk of Court's Child Support Collections for the period January 1,

---

[1] If Mrs. Sparks appeared uncooperative at all before, it was upon the advice of counsel that she did not speak with the South Carolina Law Enforcement Division.

2008 through November 30, 2009. During this period, the Family Court collected $11,612,777.16 in child support funds. Internal Auditor's Report p. 1. There were fifty-six (56) instances where the amount deposited was less than the amount recorded as collected and there were thirteen (13) instances where the amount deposited was greater than the amount recorded as collected. Id. at 2. Each cashier prepared her own deposit, but their was no confirmation that the amount deposited matched the Daily Deposit Book by supervisory personnel as recommended by the Auditor. Id. at 3.

There were irregularities in the bank reconciliation process, including that there was no formal set of books (general ledger) for the Child Support Checking Account and the Clerk of Court did not review the bank reconciliations. Id. at 4. There were negative (overdrawn) balances showing on many of the bank reconciliations. Id. at 3. The DSS Audit found: "in our opinion we do not believe the bank reconciliation for the Child Support Checking Account was performed adequately by the independent accountant, or in accordance with generally accepted accounting principles." Id. at 4.

There were several other issues in the Clerk's Office as well. During the period of the audit there were 53 Non-Sufficient Funds (NSF) checks totaling $11,431.38. There was no office policy regarding how NSF checks were to be dealt with. There was no check to ensure that deposits were timely made. And finally, Clerk of Court employees were allowed to cash their personal checks from the child support collections, making it difficult to reconcile cash and check totals on the Daily Cash Receipt Report.

Counsel says this not in an attempt to excuse Mrs. Sparks from her actions, for they are inexcusable, but to explain to the Court the environment that allowed this action to occur and occur to the extent it did.

                                        Respectfully submitted,
                                        s/ Lora E. Collins
                                        Lora E. Collins
                                        Assistant Federal Public Defender
                                        Attorney for the Defendant

Greenville, South Carolina
January 11, 2013